UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

STEPHEN HUGH,
    a/k/a "Chino,"

                 Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

20 Cr. 626 (PMH)

        WHEREAS, on or about February 8, 2021, STEPHEN HUGH, a/k/a "Chino" (the "Defendant"), among others, was charged in five counts of a twenty-one count Sealed Indictment, 20 Cr. 626 (PMH) (the "Indictment"), with racketeering conspiracy, in violation of Title 18, United States Code, Sections 1962(d) and 1963 (Count One); attempted murder and attempted assault with a dangerous weapon in aid of racketeering, in violation of Title 18, United States Code, Sections 1959(a)(5), (a)(6), and 2 (Count Three); use of a firearm in furtherance of the July 20, 2020 attempted murder and attempted assault with a dangerous weapon, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii), and 2 (Count Four); narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count Thirteen); and possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 (Count Fourteen);

        WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1963, of any and all interests the Defendant acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the Defendant established, operated, controlled, conducted, and

participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting and derived from proceeds obtained, directly and indirectly, from the racketeering activity alleged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Indictment included a second forfeiture allegation as to Count Thirteen of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count Thirteen of the Indictment and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count Thirteen of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Thirteen of the Indictment;

WHEREAS, on or about August 30, 2021, the Defendant pled guilty to Counts One and Thirteen of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One and Thirteen of the Indictment and agreed to forfeit to the United States, a sum of money equal to $28,000 which represents: (i) pursuant to Title 18, United States Code, Section 1963, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Indictment, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count One of the Indictment, including a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment, and

(ii) pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count Thirteen, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense charged in Count Thirteen, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Thirteen;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $28,000 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One and Thirteen of the Indictment that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Thirteen of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Courtney Heavey of counsel, and the Defendant, and his counsel, Sam Braverman, Esq., that:

1. As a result of the offenses charged in Counts One and Thirteen of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $28,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Thirteen of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, STEPHEN HUGH, and shall be deemed part of the sentence of the Defendant, and, shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____                    1-10-22
    COURTNEY HEAVEY                                    DATE
    Assistant United States Attorney
    300 Quarropas Street
    White Plains, NY 10601
    (914) 993-1927


STEPHEN HUGH

By: _____                    2/3/22
    STEPHEN HUGH                                      DATE

By: _____                    2/3/22
    SAM BRAVERMAN, ESQ.                               DATE
    Attorney for Defendant
    225 Broadway, Suite 715
    New York, New York 10007


SO ORDERED:

_____                         2/3/22
HONORABLE PHILIP M. HALPERN                           DATE
UNITED STATES DISTRICT JUDGE